UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| BILLY L. MUSGRAVE, JR. and | ) | |
| KIM A. MUSGRAVE, on behalf | ) | |
| of themselves and all persons | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 3:06-cv-0029-RLY-WGH |
| | ) | |
| THE ALUMINUM COMPANY OF | ) | |
| AMERICA, INC.; and ALCOA FUELS, | ) | |
| INC., | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFFS' MOTION TO REMAND AND DEFENDANTS'
REQUEST FOR ORAL ARGUMENT**

On January 6, 2006, Plaintiffs, Billy L. Musgrave and Kim A. Musgrave, on behalf of themselves and all persons similarly situated ("Plaintiffs"), commenced a civil action in Warrick Circuit Court against Alcoa, Inc. and Alcoa Fuels ("Defendants") alleging negligence, infliction of emotional distress, nuisance, and loss of consortium. (Complaint at 7-10). On February 2, 2006, Defendants filed a Notice of Removal. Defendants contend that the Class Action Fairness Act of 2005 ("CAFA") grants this court original jurisdiction over Plaintiffs' case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The cause now comes before this court on Plaintiffs' Motion to Remand and on

1

Defendants' Request for Oral Argument.  For the following reasons, Plaintiffs' motion and Defendants' request are **denied.**

I.   **Motion to remand**

A.   **Background**

Alcoa, Inc., a Pennsylvania Corporation, operates a production line on the banks of the Ohio River, east of Newburgh, Indiana.  (Complaint ¶ 5).  This production line "known as the Warrick Operations facility produces aluminum products from alumina ore." *Id*.  "During the period from 1965 to early 1979, certain wastes from the Warrick Operations were transported and disposed in active and/or inactive areas of the Squaw Creek Mine." *Id*. at ¶ 7.  The land upon which the Squaw Creek Mine is located and the associated mineral rights are owned by Alcoa Fuels, Inc., an Indiana corporation.  Plaintiffs allege that Defendants exposed Plaintiffs to toxic waste through negligence and caused infliction of emotional distress, nuisance, and loss of consortium.

B.   **Analysis**

"Any civil action brought in a State court of which the district courts of the United States have 'original jurisdiction,' may be removed by the defendant or the defendants, to the district court of the United States."  28 U.S.C. § 1441(a).  The United States "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ."  28 U.S.C. § 1332(d)(2).

2

CAFA amended § 1332's federal diversity requirements in 2005, providing two exceptions to federal diversity jurisdiction that require a class action lawsuit properly filed or removed to federal court to be remanded to State court. 28 U.S.C. § 1332. Those two exceptions are the Local Controversy exception and the Home State exception. In arguing whether CAFA applies, the parties dispute the applicability of these two exceptions and the amount in controversy. As CAFA is new law, and there is a lack of binding case law on this matter, this is an issue of first impression in this district.

**1. It is reasonably probable the amount in controversy exceeds $5 million**

In order for this court to have jurisdiction in this action pursuant to CAFA, the court must determine that it is "reasonably probable" that the aggregate amount in controversy exceeds the statutory minimum of $5,000,000. 28 U.S.C. § 1332(d)(2); *see also Fiore v. First Am. Title Ins. Co.*, No. 05-CV-474-DRH, 2005 WL 3434074 *2 (S.D. Ill. Dec. 13, 2005). Minimal diversity must exist as well. *See Fiore,* WL 3434074 at *2. This occurs when "any member of a class of plaintiffs is a citizen of a State different from any defendants." 28 U.S.C. § 1332(d)(2)(A).

In the Seventh Circuit, defendants only have to establish "a reasonable probability that the amount in controversy exceeds" the jurisdictional minimum. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006); *see also Fiore,* WL 3434074 *1 (remand denied when a common sense reading of the complaint shows it would be implausible not to surpass the jurisdictional minimum). Plaintiffs do not reveal a monetary figure for the damages they are seeking. (Reply Brief at 5). However, in their

3

"Prayer for Relief," Plaintiffs ask for "damages in an amount that will fully and fairly compensate them for their past and prospective damages, including, but not limited to, lifetime healthcare and medication." (Complaint at 12). Plaintiffs in their description of "The Parties," identify the class as "former mine workers, adjoining landowners and/or other individuals who worked/lived at or near the Squaw Creek Mining Operations . . . including their spouses, widows, widowers, and families with children." *Id*. at 3. Plaintiffs also describe Bill Musgrave as a "cancer-ridden husband," and they allege that they are "typical members of the class," which so far includes 458 potential members. (*See* Complaint at ¶¶ 36, 42; *see also* Notification of Removal, Rideout Declaration, Exhibit A). Based upon these facts, a reasonable probability exists that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

### 2. The Local Controversy exception does not apply

Under CAFA, "a district court shall decline . . . jurisdiction . . . over a class action lawsuit" when four elements are met by the plaintiff: (1) two-thirds or more of the members of the class are citizens of the state in which the action was filed; (2) at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class, and who is a citizen of the state in which the action was originally filed; (3) principal injuries caused by the alleged conduct of the defendant or defendants were incurred in the state where the action was filed; and (4) during a three year period preceding the filing of the class action, there were no other class action law suits. *See* 28 U.S.C. § 1332(d)(4)(A); *see also Robinson v. Cheetah Transp.*, 2006 WL 468820

(W.D.La. 2006).

Plaintiffs allege that the class includes "former mine workers, adjoining landowners and/or other individuals who worked/lived at or near the Squaw Creek Mining Operations . . . [and] their spouses, widows, widowers, and families with children." (Complaint ¶ 3). Plaintiffs are bound by the class as defined in their complaint. *See Schwartz v. Comcast*, 2006 WL 487915 *3 (2006). Without further evidence, the court is unable to determine at this time whether or not two-thirds or more of the members of the class are citizens of the State of Indiana. Therefore, at this time the first element of the Local Controversy exception is not met, and therefore , the court need not address the remaining three elements.

### 3. The Home State exception does not apply

CAFA also dictates that a district court shall decline jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). As stated above, the court is unable at this time to determine that two-thirds or more of the class plaintiffs are citizens of the State of Indiana, ergo, the Home State exception is not met.

### II.     Request for oral argument

The court having read and reviewed Defendants' Request for Oral argument, finds oral argument is not required.

### III. Conclusion

For the reasons stated above the court **DENIES** Plaintiffs' Motion to Remand (# 11), pending jurisdictional discovery. Defendants' Request for Oral Argument (# 18) is also **DENIED**. The parties are ordered to confer with Magistrate Judge William G. Hussmann, Jr., as soon as possible to set discovery deadlines.

**SO ORDERED** this 14th day of July 2006.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Michelle M. Christian
HUNTON & WILLIAMS
mchristian@hunton.com

John D. Epps
HUNTON & WILLIAMS
jepps@hunton.com

Richard O. Hawley Jr.
KIGHTLINGER & GRAY LLP
rhawley@k-glaw.com

Lori Elliot Jarvis
HUNTON & WILLIAMS
ljarvis@hunton.com

Harry M. Johnson III
HUNTON & WILLIAMS LLP
pjohnson@hunton.com

Kathryn L. Kornblum
VANSTONE & KORNBLUM
klkornblum@att.net

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Tina Marie Richards
PLEWS SHADLEY RACHER & BRAUN
trichards@psrb.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com

Terry A. White
OLSEN WHITE HAMBIDGE & WILLIAMS LLP
taw@thelawteam.net