UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

BILLY L. MUSGRAVE, JR. and KIM A. )
MUSGRAVE, on behalf of themselves and )
all persons similarly situated, )
        Plaintiffs, )
         )
  vs. )    3:06-cv-0029-RLY-WGH
         )
THE ALUMINUM COMPANY OF )
AMERICA, INC., and ALCOA FUELS, )
INC., )
        Defendants. )

**ENTRY ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT, PLAINTIFFS' SECOND MOTION TO REMAND, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT and DEFENDANTS' REQUEST FOR ORAL ARGUMENT**

**I.    Background**

On January 6, 2006, the representative plaintiffs in this case, Billy L. Musgrave, Jr. and Kim A. Musgrave (the "Musgraves"), filed suit against The Aluminum Company of America, Inc. ("Alcoa") and Alcoa Fuels, Inc. ("Alcoa Fuels") in the Warrick Circuit Court. The Musgraves alleged that Alcoa and Alcoa Fuels had disposed of various substances near the Squaw Creek Mine in Warrick County, Indiana, which allegedly resulted in coal mineworkers being exposed to toxic substances and contracting "various cancers and other maladies." (Complaint ¶ 1). The Complaint asserted state law claims of negligence, infliction of emotional distress, nuisance, and loss of consortium. The

1

Musgraves brought their claims as a class action on behalf of themselves and all others similarly situated. (*Id.*).

On February 2, 2006, Alcoa and Alcoa Fuels removed the case to this court under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"), and 28 U.S.C. §§ 1441, 1446, and 1453. The Musgraves filed a Motion to Remand on March 6, 2006. In an Entry dated July 14, 2006, the court denied the Musgraves' motion pending jurisdictional discovery. (Entry dated July 14, 2006). To date, the Musgraves have not conducted such discovery.

On June 12, 2006, Alcoa and Alcoa Fuels filed a Motion for Summary Judgment as to all of the Musgraves' claims. This motion is fully-briefed as of October 9, 2006.

On June 14, 2006, the court held a pretrial conference and set a deadline (which was subsequently extended to October 23, 2006) for the Musgraves to file any motions for leave to file an amended complaint. On October 23, 2006, the Musgraves filed the instant Motion for Leave to File Amended Complaint, and on October 28, 2006, the Musgraves filed Plaintiffs' Second Motion to Remand. In their proposed Amended Complaint, the Musgraves seek leave to delete the class action allegations and to allege additional claims against Alcoa and Alcoa Fuels, including claims for strict liability, nuisance, and a claim under the Indiana Environmental Legal Action Statute. In the Second Motion to Remand, the Musgraves contend that since the proposed Amended Complaint deletes the class action allegations, there is no basis for federal jurisdiction. Because these motions are intertwined, the court will address both motions in this Entry.

The court will first address Plaintiffs' Motion for Leave to File Amended Complaint.

## I.     Pending Motions

### A.     Motion to Leave to File Amended Complaint

Pursuant to Federal Rule of Civil Procedure 15(a), a court may grant leave to amend the complaint "when justice so requires." As noted by the text of the rule, however, the court is not required to grant leave. A court may deny leave to amend the complaint for several reasons, including undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or because the amendment would be futile. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004).

Alcoa and Alcoa Fuels argue that the proposed amendments are futile. An amendment is futile only if it is certain from the face of the complaint that the plaintiff can prove no set of facts in support of the amended claim which would entitle him to relief. *See Barry Aviation Inc. v. Land O'Lakes Municipal Airport Comm.*, 377 F.3d 682, 687 (7th Cir. 2004); *see also Brunt v. Service Employees Intern. Union*, 284 F.3d 715, 720-21 (7th Cir. 2002). Based upon a review of the proposed Amended Complaint, the court cannot say to a legal certainty that the proposed amended claims are without merit. Accordingly, the Musgraves' Motion for Leave to File Amended Complaint is **GRANTED**. The Amended Complaint is deemed filed as of the date of this Entry.

### B.     Motion to Remand

Pursuant to 28 U.S.C. § 1447(c), a district court may remand a case back to state court if the court lacks subject matter jurisdiction. The Musgraves argue that since the

sole basis for the court's subject matter jurisdiction no longer exists – i.e., this is no longer pled as a class action – the court should remand the case back to the Warrick Circuit Court. Alcoa and Alcoa Fuels respond that the Musgraves' amended their Complaint simply to destroy the court's diversity jurisdiction. They also argue that the court must assess the jurisdictional facts at the time of removal, and that those facts provide the court with diversity jurisdiction. Thus, they argue this court retains jurisdiction over this case even though the basis for the court's original jurisdiction no longer exists.

The governing law provides that when a plaintiff amends his complaint after removal and the amendment destroys the court's diversity jurisdiction, the court must consider the reasons for the amendment to determine whether the amendment is proper. *Schillinger v. Union Pacific R. Co.*, 425 F.3d 330, 333 (7th Cir. 2005). If the plaintiff amended his complaint simply to destroy the court's diversity jurisdiction, the court should deny the plaintiff's motion to remand. *Id.* If the proposed amendment was made for legitimate purposes, the court may grant the motion to remand. *Id.* For example, grounds for remand exist if a non-diverse indispensable party intervenes following removal. *Id.* (citing *Costain Coal Holdings, Inc. v. Resource Inv. Corp.*, 15 F.3d 733, 734-35 (7th Cir. 1994)).

In this case, after the court's denial of the Musgraves' Motion to Remand, the Musgraves never sought jurisdictional discovery. Instead, they moved to amend their complaint to delete the class allegations and then moved to remand their case back to state

4

court on grounds that without the class allegations, the court lacked subject matter jurisdiction under CAFA.

These facts lead the court to conclude that the Musgraves' filed their Motion for Leave to Amend Complaint in conjunction with their Second Motion to Remand in an effort to divest this court of jurisdiction and return to state court. The court may therefore retain jurisdiction over the Musgraves' case. However, doing so leaves this court with jurisdiction over only state-law claims.

28 U.S.C. § 1367(c) provides that a district court may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). This statutory provision typically arises when the plaintiff's federal claims have been dismissed and the only claims that remain are state-law claims. *See, e.g., United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (finding that if a case containing both federal and state claims is properly removed, but thereafter the underlying federal questions that served as the basis for removal are resolved, a district court can remand a case to the state court where it originated). It may also arise in a case such as this, wherein the removed action no longer includes a basis for federal jurisdiction. *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). The decision whether to retain or refuse jurisdiction is left to the discretion of the district court. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500

(7th Cir. 1999)

This case is unusual in that the Musgraves' never pled a federal claim. The case was removed due to the class allegations contained within the Musgraves' original Complaint. Thus, there is no federal interest in hearing this case. Moreover, the primary policies underpinning the exercise of supplemental jurisdiction – the efficient use of scarce judicial resources and the need to avoid duplicative litigation – do not support supplemental jurisdiction over the Musgraves' state-law claims. *See Rosado v. Wyman*, 397 U.S. 397, 405 (1970). The court has expended few judicial resources thus far – it has ruled on the Musgraves' initial motion to remand and scheduled two telephonic conference calls with the parties to discuss the status of the case. And although there remains a fully-briefed motion for summary judgment before this court, the motion is not ripe as the Musgraves have amended their complaint to add new state-law claims, and little discovery has been conducted to date. For these reasons, the court **GRANTS** Plaintiffs' Second Motion to Remand and hereby **REMANDS** this case to the Warrick Circuit Court.

### C. Defendants' Motion for Summary Judgment and Request for Oral Argument

Given the rulings above, the court hereby **DENIES** as **MOOT** Alcoa and Alcoa Fuels' Motion for Summary Judgment and Request for Oral Argument.

### III. Conclusion

For the reasons set forth above, the court **GRANTS** Plaintiffs' Motion for Leave to

File Amended Complaint (Docket # 67). Plaintiffs' Amended Complaint is deemed filed as of the date of this Entry. In addition, the court **GRANTS** Plaintiffs' Second Motion to Remand (Docket # 68). Plaintiffs' case is hereby **REMANDED** to the Warrick Circuit Court. Finally, the court **DENIES** Defendants' Motion for Summary Judgment (Docket # 41), and **DENIES** Defendants' Request for Oral Argument (Docket # 43).

**SO ORDERED** this  1st   day of February 2007.

                                                                        _____
                                                                        RICHARD L. YOUNG, JUDGE
                                                                        United States District Court
                                                                        Southern District of Indiana

Electronic Copies to:

Michelle M. Christian
HUNTON & WILLIAMS LLP
mchristian@hunton.com

John D. Epps
HUNTON & WILLIAMS
jepps@hunton.com

Richard O. Hawley Jr.
KIGHTLINGER & GRAY LLP
rhawley@k-glaw.com

Lori Elliott Jarvis
HUNTON & WILLIAMS
ljarvis@hunton.com

Harry M. Johnson III
HUNTON & WILLIAMS LLP
pjohnson@hunton.com

Kathryn L. Kornblum
VANSTONE & KORNBLUM
klkornblum@att.net

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Tina Marie Richards
PLEWS SHADLEY RACHER & BRAUN
trichards@psrb.com

Brent R. Weil
KIGHTLINGER & GRAY
bweil@k-glaw.com

Terry A. White
OLSEN WHITE HAMBIDGE LLP
taw@thelawteam.net